The opinion of the Court was delivered by
O’Neall, J.
The defendant’s motion for a nonsuit has been rested in the argument, upon the ground of an alleged variance between the finding of the Grand Jury on the bill of indictment set out in the first count of the plaintiff’s declaration, and that produced in evidence. The general rule is, that the allegation and proof must correspond, but like all other general rules, it is subject to exception, and therefore it is, if an allegation b,e wholly immaterial, it need not be proved. In 1 Chit. PI. 261, it is said, “ In general, whatever circumstances are necessary to constitute the cause of complaint, or the ground of defence, must be stated in the pleadings ; and all beyond is surplusage.” At page 232, it is said, “ If, however, the matter stated be wholly foreign and impertinent to the cause, so that no allega *441 tion whatever on the subject was necessary, it will be rejected as surplusage, and it need not be proved: nor will it vitiate, it being a maxim, that utile fer inutile non vitiatur, except where, by the unnecessary allegation, the plaintiff shows that he has no cause of action. These are the rules under which the question, made in this case, must be tested. The declaration purports to set out the finding of the Grand Jury in hcee verla, and in doing so, describes it to be “ No bill, S. Cannon, foreman.” The finding offered in evidence is “No bill, Richard S. Cannon, foreman.” Was it necessary to the plaintiff’s cause of action, to set out the name of the foreman ? It is clear that it is not; it is no part of the finding. It is the mere authentication by one of the jury, who is placed at their" head, that such is their finding. Rut it need not be noticed; for the finding, is the finding of the whole jury, and not of the foreman. If it had not been signed at all, and had been received and entered in the minutes of the Court, it would have been just as good as when signed. If it was not necessary to be set out, does the mis-recital in the declaration prejudice the plaintiff? The answer to this question depends upon, whether it was wholly foreign and impertinent to the plaintiff’s cause of action, so that no allegation whatever on the subject was necessary ? and whether, if impertinent, it still shows, that the plaintiff has no cause of action ? In malicious prosecution it is necessary that the plaintiff’s declaration should contain a brief but certain narration of all the proceedings had, from the commencement to the termination of the prosecution. Every thing beyond this is foreign and impertinent to the cause. In. narrating the history of the prosecution, the name of the foreman is as wholly foreign to it, as the name of the Judge, who presided at the Court, would be. Neither are necessary to be named, although we know that both are necessary to the administration of criminal justice. No allegation whatever on this subject was necessary to be made. The finding was sufficiently described by the words “ no bill,” and indeed, that was *442 the whole finding of the Grand Jury. It cannot be pretended, that the mistake in the name of the foreman, showed that the plaintiff had no cause of action, for with or without it, the declaration sets out a good cause of action. I therefore conclude that the name of the foreman was surplusage ; may be struck out,-and that a variance in the proof in that respect from the allegation, will not prejudice the plaintiff. The motion for a nonsuit must necessarily fail. The grounds for ia new trial, are predicated altogether upon the facts, which were properly submitted to the jury, and with their verdict, this Court cannot interfere. The motion for a nonsuit or new trial is dismissed.
JohnsoN, J., and Martin, J., sitting for Harper, J., concurred.

Motion dismissed.